GLENS FALLS INDEMNITY
CO. et al.

v.

HENDERSON et al.

No. 14831.

United States Court of Appeals,
Fifth Circuit.

May 11, 1954.

Rehearing Denied June 10, 1954.

Frank S. Normann, Normann & Normann, Lee F. Murphy, New Orleans, La., for appellants.

G. Harrison Scott, Asst. U. S. Atty., Daniel L. Kirschenheuter, Jr., New Orleans, La., George R. Blue, U. S. Atty., New Orleans, La., Stuart Rothman, Sol. of Labor, Ward E. Boote, Asst. Sol., Herbert P. Miller, U. S. Dept. of Labor, Washington, D. C., of counsel, for appellee Henderson.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for death benefits, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., by the widow and minor child of the deceased, who worked as a grain trimmer. On December 30, 1951, the deceased suffered a heart attack while performing the hard work of leveling grain in the hold of a vessel, and died within a few hours. He began work at

eight o'clock that morning, trimming the grain that was conveyed through a funney into the hold of the ship. About eleven or eleven-thirty o'clock he went to the pusher and complained of a rattle in his chest, and was told to take it easy until noon.

After the noon lunch hour, which was from twelve to one o'clock, the pusher said to the decedent that he thought he (the decedent) was going to check out, but the latter replied that he thought he could make it through the day, though he still did not feel well. Apparently, the deceased did not work after the lunch hour. He was found by a fellow employee about three-thirty p. m. of the same day in the between-decks of the vessel some fifteen or twenty feet away from the between-hatch opening, with his mouth open, and looking like he was dead. He was removed from the hold to the deck of the vessel, where he died in a little while of coronary thrombosis. The deputy commissioner found that said hard and strenuous work performed for his employer by the decedent resulted in a material aggravation of a preexisting heart condition, precipitating the heart attack that caused his death. He further found that said injury and death arose out of, and occurred in the course of, his employment.

Trimming grain that is being funnelled from an elevator into the hold of a ship puts a heavy strain upon the heart of the workman for long hours at a time. A person shovelling it cannot very well stand up, since his feet and legs sink into the grain, and he is shovelling on his knees or in a sitting posture while close under the beams, doing what is called "beaming out" the grain. This is the position the decedent was in when he complained of a rattle in his chest and appealed to the pusher for relief; and it was the place where he was found a little more than an hour after lunch with his mouth open, looking like a dead man, and indicating that he had stayed on the job too long for his own good.

While the deceased undoubtedly died from the strenuous exertion of his work, superimposed upon his diseased heart, the appellants contend that there should be no recovery here, because the deceased had been warned by his physician that if he engaged in strenuous work it might prove harmful and cause his death. We cannot sanction this defense, because there is no proof of intention on the part of the deceased to kill or injure himself, and the presumption is that he did not so intend. We think that the deceased sustained an accidental injury within the meaning of said Compensation Act. It is the unexpected and unintentional effect of the strain or exertion, not its external or internal character, that is covered by the compensation law, regardless of how negligent or inadvisable one's conduct may be, provided that there is no intention on the part of the employee to harm or injure himself or another. Commercial Casualty Co. v. Hoage, 64 App.D.C. 158, 75 F.2d 677, certiorari denied, 295 U.S. 733, 55 S.Ct. 645, 79 L.Ed. 1682; Henderson v. Pate Stevedoring Co., 5 Cir., 134 F.2d 440; Southern Stevedoring Co. v. Henderson, 5 Cir., 175 F.2d 863; Clover, Clayton and Co. v. Hughes L. R. Appeal Cases, 1910, page 242, 3 B.W.C.C. 275.

The fact that a harmful result might ensue, and a physician so advised the employee, is nothing to the purpose if his financial circumstances made it impossible for him to follow the doctor's advice, and the advice was with reference to possibilities rather than certainties. In the absence of proof to the contrary, it is reasonable to presume that he worked from necessity and not from choice, and that he did not know that fatal injuries would ensue. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Brodtmann v. Zurich General Accident & Liability Ins. Co., 5 Cir., 90 F.2d 1. The judgment appealed from is affirmed.

Affirmed.