**MISSISSIPPI SHIPPING COMPANY, Inc., and American Employers' Insurance Company, Appellants,**

v.

**Joseph H. HENDERSON, United States Deputy Commissioner, and Mrs. Mary Rabito Latino, Widow of Ben Latino, Appellees.**

**No. 15821.**

United States Court of Appeals
Fifth Circuit.

April 12, 1956.

Joseph M. Rault, Jr., Andrew R. Martinez, New Orleans, La., Terriberry, Young, Rault & Carroll, New Orleans, La., of counsel, for appellant.

Prim B. Smith, Jr., Asst. U. S. Atty., New Orleans, La., George R. Blue, U. S. Atty., New Orleans, La., for appellee Joseph H. Henderson, Stuart Rothman, Sol. of Labor, W. E. Boote, Asst. Sol., Herbert P. Miller, Atty., U. S. Dept. of Labor, Washington, D. C., of counsel.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Brought against the commissioner and the widow of one Ben Latino who, having suffered a compensable heart attack on March 27, 1953, for which an award at first to temporary total and later temporary partial disability was made, had died of a heart attack and collapse on December 2, 1953, the suit sought to enjoin and set aside a compensation order finding the death due to the injuries suffered on March 27, and awarding the widow death benefits therefor.

The claim was that the death was not compensable: in that it occurred on the sidewalk while deceased was walking from his place of employment and not upon navigable waters; and in that the commissioner had erred in finding and holding that the heart attack which caused the collapse and death on December 2nd, was a natural and unavoidable result of the injury to his heart which the decedent had sustained on March 27th.

The defense was that the finding of the commissioner, that the deceased's death on December 2, 1953, resulted from the injury on March 27, 1953, finds full support in the record, and the award may not be enjoined or set aside.

On the issues thus joined, the cause was heard to the court on the record made before the commissioner.[1]

Appealing from the order, plaintiffs, insisting: (a) that there was no accident and no accidental injury; (b) that

[1] It was stipulated as follows: That the findings of fact which are contained in paragraphs numbered 1 to 7 of the compensation order of January 19, 1954, relating to the disability claim, as distinguished from the death claim, may be incorporated in the record of the hearing upon the death claim. The facts thus stipulated substantially are: That Latino, the employee, while proceeding from the vessel on which he was employed to the wharf to bring a load of paint weighing about 44 pounds, climbed an almost perpendicular stairway of 12 to 15 steps to the deck, then through a passageway to the gangway and down the gangway to the wharf where he picked up the paint, placed it upon his shoulder and proceeded back up the gangway, which rose 20 feet in a distance of 50 feet, then returned along the passageway to the steps leading to the place from which he started. On reaching the bottom of these steps he felt a pain in his chest and collapsed. Immediate and extended hospital and medical treatment followed and continued for some time.

The Deputy Commissioner further found as facts in order relating to the disability claim and which facts as stated were stipulated in the hearing upon the death claim: That the exertion of going for and carrying the paint caused the collapse, which was due to a heart attack; that the employee was disabled wholly or partially as a result of said condition until his death on Dec. 2, 1953.

Two physicians testified in support of the causal relationship between the employment and the heart attack, Dr. Levy and Dr. Smith of the United States Public Health Service. A letter from Dr. Horack dated June 22, 1953, states that the exertion was sufficient to aggravate a pre-existing heart condition.

In view of the above admitted facts which support the commissioner's finding as to the March 27th injury, the only question which remains is whether the deceased's collapse and death on Dec. 2, 1953, was a continuation of the condition which resulted from the exertion and attack on March 27, 1953, or to state it otherwise, whether there was any in-

the fatal collapse of Dec. 2nd, was not factually or legally related to the initial heart attack of March 27th; and (c) that the December 2nd collapse occurred not in the course of Latino's employment but while he was on personal business walking on the sidewalk after his employment or work for the day had ended; urge upon us that the order was erroneous and must be reversed.

■ Appellees, on their part, marshalling the general principles and authorities[2] controlling here, insist that the evidence on which the commissioner relied amply supported his findings and dependent intervening cause between the condition which resulted from the injury and the death therefrom.

The facts relating to the period between the injury and death are not in dispute. The deceased returned to light part-time work for four hours a day on Nov. 27 and 30, and on Dec. 1 and 2, 1953, and after quitting work at noon on Dec. 2, 1953, he collapsed while walking on the street at approximately 1:45 P.M. on his way to the union hall and died within five minutes. His death was due to a heart attack. There had been a similar attack about Nov. 10, 1953, from which the deceased recovered.

The deputy commissioner found in effect in the order here under review that the attack which resulted in his death was a continuation of the condition caused by the original injury and the collapse merely the natural end result of the March 1953 injury in employment. There was medical evidence to support his finding. Dr. Smith of the United States Public Health Service testified in substance that the death on Dec. 2, 1953 was causally related to the injury on March 27, 1953.

On the employer's side of the case, Dr. Horack and Dr. Nadler testified. Dr. Horack was the attending physician. It was his opinion that the death of Dec. 2nd in no way related to work or strain but rather was the result of arterio-sclerosis disease, that is, that the death was a "natural consequence of the disease processes". He testified that the exact cause of death in December was unknown, but that work played no part in the death.

Dr. Nadler as an outside expert with no connection with the case testified to the same general conclusions as did Dr. Horack and corroborated his view. He testified that the death was the result of disease and not injury, that it could have occurred in sleep as well as walking, that the cause of death may have been either a coronary thrombosis or auricular fibrellations, and that physical exertion played no part whatsoever in bringing about the death." He testified: "Now, the natural history of this disease is progressive arteriosclerotic disease. I will agree with the commissioner if he wants to insist, and the law has already ruled that the March '53 episode was due to effort. I will defend with the last living breath that I have that it had nothing to do with the December 1953 episode."

2. (1) Accidental injury includes injury which is unexpected and not designed, and just as much includes an injury sustained by an employee subject to physical infirmities as by one who is strong and robust. Southern Stevedoring Co. v. Henderson, 5 Cir., 175 F.2d 863.

(2) The Longshoremen's Act should be liberally construed in favor of the injured employee or his dependent family. Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L. Ed. 366.

(3) The burden is on the plaintiff to show that the evidence before the deputy commissioner does not support the compensation order complained of. Southern Stevedoring Co. v. Henderson, supra.

(4) The findings of fact of the deputy commissioner supported by evidence on the record considered as a whole should be regarded as final and conclusive and may not be set aside on judicial review. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Cardillo v. Liberty Mut. Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028; Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184.

(5) Logical deductions and inferences which may be and are drawn by the deputy commissioner from the evidence may not be set aside. Parker v. Motor Boat Sales, supra; Southern Stevedoring Co. v. Henderson, supra.

(6) An injury which hastens an employee's death may be regarded as causing it. Southern Stevedoring Co. v. Henderson, supra; and American Sugar Refining Co. v. Ned, 5 Cir., 209 F.2d 636.

(7) Even if the evidence permits conflicting inferences, the inference drawn by the deputy commissioner, if supported on the record as a whole, will not be rejected. Henderson v. Pate Stevedoring Co., 5 Cir., 134 F.2d 440; Parker v. Motor Boat Sales, Inc., supra.

required the entry of the judgment appealed from.

We agree with the appellees that this is so, and, upon the principles stated and the authorities cited by appellees, to which may be added Glens Falls Indemnity Co. v. Henderson, 5 Cir., 212 F. 2d 617, Southern Stevedoring v. Voris, 5 Cir., 218 F.2d 250, and Riley v. Henderson, 5 Cir., 218 F.2d 752, the judgment is affirmed.