**EMPLOYERS LIABILITY ASSURANCE CORP., Ltd., and John T. Clark & Son, Plaintiffs,**

v.

**Thomas F. HUGHES, Deputy Commissioner, Second Compensation District, and Edward Olsen, Defendants.**

United States District Court
S. D. New York.

Sept. 29, 1959.

Alexander, Ash & Schwartz, New York City, by Sidney A. Schwartz, New York City, of counsel, for plaintiffs.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, Burton M. Fine, Asst. U. S. Atty., New York City, of counsel, for defendant Thomas F. Hughes.

Edward A. Bohan, New York City, for defendant Edward Olsen.

WEINFELD, District Judge.

The issue presented to the Deputy Commissioner was whether claimant was

permanently totally disabled within the meaning of the Longshoremen's and Harbor Workers' Compensation Act.[1] Obviously, in the determination of that issue, factors such as the nature and extent of the physical injury, age, experience, education, mentality and capabilities, may lead to different conclusions in different cases.

In the instant case, the examining physicians disagreed as to the extent of disability. The Deputy Commissioner, based upon all the evidence, found that the claimant-employee was permanently totally incapacitated from engaging in gainful employment.

 Upon a careful review of the entire record and considering the statutory definition of disability as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." [2] and the further provision of the Act that "permanent total disability shall be determined in accordance with the facts," [3] the Court cannot say that the finding of the Deputy Commissioner was without substantial support in the record considered as a whole.[4] On the contrary, there was affirmative evidence of the impartial medical officer of the Bureau of Employees Compensation of the United States Department of Labor, who examined the employee on the very day of the hearing, to the effect that the employee's condition is permanent, not amenable to treatment, and that he would be unable to return to his work as a longshoreman and rigger and could not engage in unrestricted manual work for any sustained period. His expression at one point that claimant has "a partial disability" must be viewed against his entire testimony as a whole and when so viewed, it is clear that it was used in a medical sense. A man may be perma-

nently totally disabled within the meaning of the Longshoremen's and Harbor Worker's Compensation Act, and partially disabled in a true medical sense.[5]

The defendant's motion for summary judgment is granted and the plaintiff's cross motion for summary judgment is denied.

Settle order on notice.

---

1. 33 U.S.C.A. § 901 et seq.

2. 33 U.S.C.A. § 902(10).

3. 33 U.S.C.A. § 908(a). In cases other than those specifically cited as constituting permanent total disability.

4. Cf. O'Leary v. Brown-Pacific-Maxon, Inc., 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Gooding v. Willard, 1954, 2 Cir., 209 F.2d 913.

5. Cf. Eastern S.S. Lines, Inc. v. Monahan, 1 Cir., 1940, 110 F.2d 840.