**Van MARSHALL, Petitioner,**

v.

**Gerald B. LEAVEY, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Eighth Compensation District, Respondent,**

**The Travelers Insurance Company, Intervenor.**

Civ. A. No. 4629.

United States District Court
E. D. Texas,
Beaumont Division.

April 26, 1963.

Jim I. Graves, Stephenson, Stephenson & Thompson, Orange, Tex., for petitioner.

Wm. Wayne Justice, U. S. Atty., Tyler, Tex., Bryan Blalock, Asst. U. S. Atty., Beaumont, Tex., for respondent.

Louis Nelson, Strong, Pipkin, Strong & Nelson, Beaumont, Tex., for intervenor.

FISHER, District Judge.

This is a suit to review the action of the Deputy Commissioner in finding that the petitioner has suffered only partial disability from September 5, 1960 to June 17, 1962, and ordering the insurance carrier to continue to pay compensation on the basis of partial permanent disability at the rate of $30.00 per week.

All parties have filed motions for summary judgment and the sole question for the determination of this Court is whether the findings of Deputy Commissioner, Gerald B. Leavey, of permanent partial disability and the wage-earning capacity during such period are supported by substantial evidence. The petitioner contends that the Deputy Commissioner's finding of permanent partial disability and loss of wage-earning capacity was capricious and not supported by substantial evidence, whereas, the respondent and intervenor contend that such findings are supported by substantial evidence.

The transcript of evidence indicates that only Dr. Harry Starr, a specialist in neuro-surgery was called as a medical witness by the petitioner and he testified to the effect that the petitioner had a satisfactory post-operative recovery from the surgery itself; that it was normal for persons having this type of operation to see the doctor from four to eight times after the operation, but that petitioner had seen him between fifteen and twenty times because the petitioner had developed a true tension-depression; further, the petitioner made his maximum recovery from six months to a year after the operation. The doctor concluded that a patient does not have a perfect back after surgery for a herniated disc; further, that petitioner was not able to work, considering both his physical disability and emotional disability; that petitioner now has marked insomnia, a trembling of his whole body, generalized weakness, and no energy. The witness does state that petitioner could do some work, but cannot do the same type of work that he was doing before the injury. As to the permanency of petitioner's injuries, the doctor testified that the physical aspects will remain the same, but he expects the emotional aspects to

improve. The doctor finds a medical disability of from 20 to 25 per cent.

A representative of the Texas Employment Commission in Orange testified that handicapped people were employed from time to time and that although light work was not always available, such jobs as tool-keepers, filling station attendants, guards and gate-keepers are paid wages of from $50.00 to $70.00 per week.

The Deputy Commissioner, as a fact-finder, was therefore required to find the extent and duration of petitioner's disability, and the duration of petitioner's injury was found to be permanent, but partial rather than total. The Deputy Commissioner made a finding of total temporary and partial permanent and the objectionable finding from the petitioner's standpoint was that made by the Commissioner as to petitioner's wage-earning capacity during the period of partial disability. This was found to be $60.20, whereas, his earning-capacity prior to the injury was found to be $105.-00; the difference between these figures being two-thirds of $45.00, and being the award of $30.00 which was the compensation rate found by the Commissioner for partial permanent disability.

■ We feel that the evidence would have supported a finding by the Deputy Commissioner of, say, $20.20, $30.20, $40.20 or $50.20 as well or better than the finding of $60.20. However, it is well established that the Court cannot substitute its own findings for those of the Deputy Commissioner.[1]

■ There is authority to the effect that a petitioner may be permanently totally disabled within the meaning of the Longshoremen's and Harbor Workers' Compensation Act, and partially disabled in a true medical sense,[2] but we believe that the substantial evidence in the record supports the finding that the petitioner is totally disabled on a temporary basis, and permanently disabled on a partial basis, taking into consideration the age, experience, education, mentality and capabilities, in addition to the extent of the physical injury of petitioner.[3]

■ The wage-earning capacity of petitioner is the real problem in this case and it certainly must have caused the Deputy Commissioner some difficulty in arriving at the amount of $60.20. However, under Title 33 U.S.C.A. § 908(h),[4] of the Longshoremen's and Harbor Workers' Compensation Act, which gives the Deputy Commissioner broad authority, he was justified in fixing an amount which, in his opinion, was in the interest of justice since there was no testimony of the actual earnings which would fairly and reasonably represent the petitioner's wage-earning capacity; and in view of the medical testimony that the petitioner could do some work, and that petitioner was 20 to 25 per cent disabled, and the testimony of the representative of the

1. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Cardillo v. Liberty Mutual Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028.

2. Eastern S.S. Lines, Inv. v. Monahan, 1 Cir., 110 F.2d 840.

3. Employer's Liability Assurance Corp. v. Hughes, D.C., 188 F.Supp. 623 (1959) Title 33 U.S.C.A. § 902(10), " 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment."

4. "The wage-earning capacity of an injured employee in cases of partial disability under subdivision (c) (21) of this section or under subdivision (e) of this section shall be determined by his actual earnings if such actual earnings fairly and reasonably represent his wage-earning capacity; Provided, however, That if the employee has no actual earnings or his actual earnings do not fairly and reasonably represent his wage-earning capacity, the deputy commissioner may, in the interest of justice, fix such wage-earning capacity as shall be reasonable, having due regard to the nature of his injury, the degree of physical impairment, his usual employment, and any other factors or circumstances in the case which may affect his capacity to earn wages in his disabled condition, including the effect of disability as it may naturally extend into the future."

**618**

Texas Employment Commission as to wages to be earned for available work, we hold that the Deputy Commissioner's award is supported by substantial evidence and must be affirmed.

The petitioner's motion for summary judgment will be overruled and the motions for summary judgment filed by both respondent, Deputy Commissioner Gerald B. Leavey, and intervenor, The Travelers Insurance Company, will be sustained. Judgment will be entered accordingly.