Kenneth H. CUNNYNGHAM, Appellant,

v.

P. J. DONOVAN, Deputy Commissioner, Seventh Compensation District, Bureau of Employees' Compensation, Appellee.

No. 20420.

United States Court of Appeals
Fifth Circuit.

March 2, 1964.

J. Vance Thompson, Alexandria, La., for appellant.

Gene S. Palmisano, Asst. U. S. Atty., New Orleans, La., Louis C. LaCour, U. S. Atty., Charles Donahue, Sol. of Labor, Alfred H. Myers, George M. Lilly, Attorneys, U. S. Department of Labor, of counsel, for appellee.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

CAMERON, Circuit Judge.

This appeal presents two questions, the second answer being dependent on the answer to the first. Initially, we must decide whether the lower court had jurisdiction of the subject matter. If this query should be answered in the affirmative, then we must decide whether

the loss of one leg and the loss of thirty-five per cent use of the other leg amounts to permanent and total disability within the meaning of the Longshoremen's and Harbor Workers' Compensation Act.[1] Both questions must be answered in the affirmative.

Appellant was in the employ of the Fluor Corporation, Ltd. at the time of his injury on a location outside the continental United States. Liability of the employer was insured by the Commercial Insurance Company of Newark, New Jersey. Appellant, while performing services for his employer as a structural iron welder, sustained personal injuries on December 30, 1953 resulting in his disability. During this period, appellant was working in a ditch under some eight-inch diameter pipe when the 4" x 4" bracing timbers broke, causing the structures to fall on him. Appellant's legs were violently compressed between two strands of pipe, resulting in a crushing injury to the left leg, requiring amputation above the knee. The right leg had a fracture of the lateral tibial plateau and a fracture of the head of the fibula. The employer and the insurance carrier furnished appellant with medical treatment in accordance with the provisions § 7(a) of the Longshoremen's and Harbor Workers' Compensation Act. As a result of this injury, appellant received Eleven Thousand Dollars as compensation for temporary total disability and permanent partial disability. Appellant worked, on and off, at different jobs from October 22, 1954 to November 10, 1960.

On November 10, 1960, appellant filed a claim for additional benefits on the basis that he is permanently and totally disabled as a result of the December 30, 1953 injury. The Deputy Commissioner filed a compensation order on November 29, 1961, rejecting appellant's claim. Appellant filed a complaint in the District Court for the Western District of Louisiana within the thirty-day period required by the Act[2] against Fluor Corpo-

1. 33 U.S.C.A. § 908(a).

2. 33 U.S.C.A. § 921(a).

ration, its insurer and P. J. Donovan, as an incidental defendant. The District Court for the Western District of Louisiana extended the thirty-day period of limitation provided for filing of actions.[3] Appellant filed a complaint in the District Court for the Eastern District of Louisiana on May 31, 1962, to have set aside a compensation order of November 29, 1961 of appellee Deputy Commissioner, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act.[4]

The Deputy Commissioner filed a motion to dismiss or, in the alternative, for summary judgment.

## I.

§ 21(a) of the Longshoremen's and Harbor Workers' Compensation Act[5] provides as follows:

"A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 19, and, unless proceedings for the suspension or setting side of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter."

Subdivision (b) of § 21 provides in part as follows:

"If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in the Federal district court for the judicial district in which the injury occurred (or in the Supreme Court of the District of Columbia if the injury occurred in the District) * * *."

Subdivision (d) of § 21 reads as follows:

"Proceedings for suspending, setting aside, or enforcing a compensa-

tion order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 18."

■ Appellant obviously commenced the suit within the required thirty day period.[6] Appellant's injury, occurring outside the continental United States, did not, therefore, occur within any judicial district, as set forth in 33 U.S.C.A. § 921(b), supra. The Deputy Commissioner was made a party defendant in the suit in the Western District of Louisiana, as well as in the suit in the Eastern District. The District Court for the Western District of Louisiana merely extended the filing period. Both District Courts in Louisiana had proper jurisdiction of the subject matter. Although appellant Donovan is the administrative officer for the Seventh Workmen's Compensation District, Bureau of Employees' Compensation, United States Labor Department, the Seventh District embraces the entire State of Louisiana. We hold, therefore, that the lower court had proper jurisdiction of the subject to render an opinion.

## II.

■ We do not believe a summary judgment should have been granted under the facts revealed by this record where, as a result of an injury, a man's left leg was amputated and his right leg was thirty-five per cent disabled. Of course, we are bound by the holding of the Commissioner on undisputed facts, provided the holding is supported by substantial evidence. Walsh Stevedoring Co. v. Henderson, 5 Cir., 1953, 203 F.2d 501.

■ We think, however, the appellant has met the burden of showing that the evidence before the Deputy Commissioner does not support the compensation order complained of. Cf. Mississippi Shipping Co. v. Henderson, 5 Cir., 1956, 231 F.2d 457.

3. In accordance with 5 U.S.C.A. § 1009.

4. 33 U.S.C.A. § 901 et seq.

5. 33 U.S.C.A. § 921(a).

6. 33 U.S.C.A. § 921(a).

It is unquestioned, moreover, that the degree of disability cannot be measured by physical condition alone. Other factors must be considered, such as age, education, industrial history and the availability of work which appellant can do. See, e. g., Godfrey v. Henderson, 5 Cir., 1955, 222 F.2d 845. Appellant has had several jobs since his injury, but a close examination of the facts reveals that they were only temporary jobs and not of a permanent nature partly, at least, because of the duration and extent of his injury.

We, therefore reverse and remand for a retrial in due course.

Reversed and remanded.