The FLUOR CORPORATION, Limited, and Commercial Insurance Company of Newark, New Jersey, Appellants,

v.

Kenneth H. CUNNYNGHAM, Appellee.

No. 25208.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1968.

Rehearing Denied Nov. 29, 1968.

Certiorari Denied April 1, 1969.
See 89 S.Ct. 1275.

Henry B. Alsobrook, Jr., James E. Blazek, Adams & Reese, New Orleans, La., for appellants.

Leonard Fuhrer, Alexandria, La., for appellee.

Before GEWIN and BELL, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

On the prior appeal of this cause we held that the claimant had met the burden of showing that the evidence before the Deputy Commissioner did not support the order that he was not entitled to compensation for permanent and total disability within the meaning of the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 921(a). Cunnyngham v. Donovan, 5 Cir., 1964, 328 F.2d 694. Claimant was awarded compensation in 1953 for temporary total disability and permanent partial disability based on the amputation of one leg above the knee and severe injury to the other. The prior appeal was from the denial of a claim, instituted in 1960, for additional relief.

We noted that the degree of disability was to be measured by the age, education and the industrial history of the claimant, and the availability of work he could do as well as by his physical condition. The case was thereupon " * * reversed and remanded for a retrial in due course", thus leaving the matter open for submission of additional evidence.

On remand additional evidence directed to the questions of age, education, claimant's industrial history and the availability of work was adduced before the Deputy Commissioner. The claim was again denied. Alluding to our prior opinion, the district court reversed, D.C., 271 F.Supp. 508. We affirm.

■ The decision of the District Court is controlled by the law of the case doctrine. The question presented is whether the evidence introduced on the second hearing was so different as to warrant a different result or whether the former decision of this court was clearly erroneous and works a manifest injustice. For a recent statement of the rule in this circuit where sufficiency of evidence was involved, see Lincoln National Life Insurance Company v. Roosth, 5 Cir., 1962 (en banc), 306 F.2d 110.

■ We have carefully considered the evidence offered on the subsequent hearing of this matter. It does not warrant a departure from our prior holding. Nor do we believe that our prior holding was clearly erroneous or that it works a manifest injustice.

Affirmed.