Kenneth H. CUNNYNGHAM, Plaintiff,

v.

P. J. DONOVAN, Deputy Commissioner Seventh Compensation District, Bureau of Employees Compensation (R. J. Shea substituted for P. J. Donovan), Defendant.

Kenneth H. CUNNYNGHAM, Plaintiff,

v.

P. J. DONOVAN, Deputy Commissioner Seventh Compensation District, Bureau of Employees Compensation U. S. Department of Labor (R. J. Shea substituted for P. J. Donovan), Defendant.

Civ. A. Nos. 12287, 66–672.

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 5, 1969.

Leonard Fuhrer, Neblett & Fuhrer, Alexandria, La., for plaintiff.

Charles H. White, Asst. U.S.Atty., New Orleans, La.

Leavenworth Colby, Spl. Asst. to the Atty.Gen., Washington, D.C., for defendant.

CASSIBRY, District Judge:

This is an appeal by claimant from a compensation order of the deputy commissioner which awarded claimant disability benefits under the Longshoremen's Act, 33 U.S.C. § 901 *et seq.*, but denied claimant's claim for interest on each past due installment of compensation from its original due date until paid. Plaintiff's complaint prays (1) that the Court vacate and set aside the compensation order heretofore entered on May 16, 1969, so far as it denied plaintiff interest on past due installments and remand the case for issuance of a modified order providing for payment of interest "in addition to other payments due and owing to date and hereafter until such payments are brought up to a current basis;" and (2) that the Court award plaintiff's attorney an additional fee for services rendered before the District Court and the Court of Appeals in the proceedings previously had in the case. See 271 F.Supp. 508; Fluor Corp. v. Cunnynham, 5 Cir., 403 F.2d 223, cert. den. 394 U.S. 943, 89 S.Ct. 1275, 22 L.Ed.2d 478.

Justice and orderly procedure, in the light of the law correctly applicable, requires remand to permit the deputy commissioner to correct his compensation order so as to provide for the payment of interest in accordance with 33 U.S.C. § 914(b) and (m) with return of the matter to this Court for further proceedings with respect to the fixing of attorneys' fees.

It seems clear that under 33 U.S.C. § 914(b) and (m) interest at the rate of 6 percent per annum is properly due and computable from the date each weekly installment was originally due, commencing from the date of injury. Quick v. Martin, 130 U.S.App.D.C. 83, 397 F.2d 644, 648 (1968); Globe Const. Co. v. Brewer, 197 F.2d 707, 708 (5th Cir. 1952); Sunny Point Packing Co. v. Faigh, 63 F.2d 921, 925 (9th Cir.1933); Parker v. Brinson Const. Co., 78 So.2d 873 (Fla.1955). This corresponds to the practice respecting the similar problem of seamen's maintenance. Medina v. Erickson, 226 F.2d 475, 484 (9th Cir. 1955); Perez v. Suwanee S.S. Co., 239 F.2d 180, 181 (2d Cir.1956); Great Lakes S.S. Co. v. Geiger, 261 F. 275, 279 (6th Cir.1919).

Interest should run at the federal rate of 6 percent allowed in the similar situation of back wages in NLRB cases. NLRB v. American Compress Whse., 374 F.2d 573, 575 (5th Cir.1967); Philip Carey Mfg. Co., Miami Cabinet Division v. NLRB, 331 F.2d 720, 729 (6th Cir. 1964), cert. den. Intern. Union, United Auto, Aerospace, etc. v. Philip Carey Mfg. Co., 379 U.S. 888, 85 S.Ct. 159, 13 L.Ed.2d 92; Marshfield Steel Co. v. NLRB, 324 F.2d 333, 337–338 (8th Cir. 1963); NLRB v. Globe Products Corp., 322 F.2d 694, 696–697 (4th Cir.1963); Int. Brotherhood of Operative Potters, AFL–CIO v. NLRB, 116 U.S.App.D.C. 35, 320 F.2d 757, 760–761 (1963).

In entering the compensation order denying interest, the deputy commissioner overlooked the application of the foregoing authorities and accordingly the case will be remanded to him with instructions to modify the compensation order of May 16, 1969 herein, by awarding interest in accordance with 33 U.S.C. § 914(b) and (m) on each past due installment of compensation from its original due date until paid at the federal rate of 6 percent per annum allowed in similar cases.[1]

---

1. The prayer for an award for additional attorneys' fees will be disposed of separately.