**PLAQUEMINES EQUIPMENT & MACHINE COMPANY and The Travelers Insurance Company, Plaintiffs-Appellants,**

v.

**Raymond E. NEUMAN, Deputy Commissioner, U. S. Department of Labor, Bureau of Employees' Compensation, etc., Defendant-Appellee.**

No. 71–3460.

United States Court of Appeals, Fifth Circuit.

May 30, 1972.

Robert B. Acomb, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for plaintiffs-appellants.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Leavenworth Colby, Asst. Atty. Gen., Alan S. Rosenthal, Atty., U. S. Dept. of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and RIVES and CLARK, Circuit Judges.

PER CURIAM:

Six years after a Deputy Commissioner had entered a continuing compensation award in favor of claimant, a District Court, considering a third-party tort suit brought by the claimant allegedly arising out of the same episode, found that the plaintiff (claimant) was entirely unworthy of belief and that the injury-producing event had not, in fact, occurred. Accordingly, the employer and his compensation insurer petitioned the Deputy Commissioner under 33 U.S.C.A. § 922 to reconsider and set aside the never appealed 1964 award. The Deputy Commissioner declined to modify the 1964 order as requested,[1] the District Court upheld that determination, and this appeal ensued. We affirm.

Despite the District Court's holding in the third party suit, the Deputy Commissioner chose to believe the claimant. The District Court reviewing that decision—and it was a different District Judge than the one in the third party suit—agreed with the first District Judge that the claimant's credibility had been completely discredited and that the Deputy Commissioner's credibility selection was tenuous, credulous and unwise,[2] but he refused to set aside the award since, given the credibility choice which the Deputy Commissioner had made, and which was *exclusively* within his prov-

---

1. The 1964 order was modified to correct the description of the accident which the Deputy Commissioner found to have occurred. The 1964 order recited facts and dates relating to an incident allegedly occurring on January 9, 1963. The 1970 order amended the previous order by reciting facts relating to an occurrence of January 14, 1963. The January 14 incident was the one which had been alleged by the claimant to have produced the injuries. The employer's answer to the 1964 proceedings had admitted the occurrence of January 14.

2. The District Court's order stated,
"The Deputy Commissioner has accepted the palpably false testimony of the thoroughly impeached claimant in preference to the testimony of unimpeached disinterested witnesses.
It is the Court's belief that claimant has demonstrated he is unworthy of belief and that his testimony is entitled to no weight. * * * The claimant was simply enmeshed in the web of his own deceit."

ince to make,[3] there was substantial evidence in the record as a whole to support the Deputy Commissioner's finding that the claimant had been injured on the job on January 14, 1963 and to sustain the consequent award.[4]

The District Court's holding correctly applied the law.

Affirmed.

3. See, NLRB v. Walton Mfg. Co., 1962, 369 U.S. 404, 407–408, 82 S.Ct. 853, 854, 7 L.Ed.2d 829, 831; Calbeck v. Strachan Shipping Co., 5 Cir., 1962, 306 F.2d 693, 695, cert. denied, 1963, 372 U.S. 954, 83 S.Ct. 950, 9 L.Ed.2d 978; NLRB v. J. M. Machinery Corp., 5 Cir., 1969, 410 F.2d 587, 590.

4. Not the least significant piece of evidence was the employer's answer to the 1964 proceedings, admitting the injury and occurrence of January 14, 1963.