**NORFOLK, BALTIMORE AND CAROLINA LINE, INC., Employer, and The Aetna Casualty and Surety Company, Carrier, Plaintiffs,**

v.

**Robert H. BERGERON, Deputy Commissioner, Sixth Compensation District, United States Department of Labor, Defendant.**

Civ. A. No. 71–1201.

United States District Court,
D. South Carolina,
Charleston Division.

Nov. 3, 1972.

Robert A. Patterson, Charleston, S. C., for plaintiffs.

John K. Grisso, U. S. Atty., Columbia, S. C., for defendant.

## ORDER

BLATT, District Judge.

The matter before the court is a complaint to review and set aside an Order filed by the defendant Deputy Commissioner pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. The compensation Order rendered by the defendant awarded the claimant permanent-total disability benefits for an industrial injury to the right arm sustained on August 20, 1968.

So far as is pertinent, the compensation Order, from which this appeal is taken, found and determined:

"8. That on June 13, 1969, the claimant reached maximum improvement from his injury of August 20, 1968, and was left with a 63 per cent permanent partial disability of the right arm;

\* \* \* \* \* \*

12. That at the Formal Hearing, the claimant claimed he was permanently totally disabled as the result of his August 20, 1968, injury and residuals, exclusive of the disability arising from his April, 1970, accident;

13. That the claimant is 62 years old;

14. That the claimant has only a third grade education;

15. That the claimant's entire work experience is manual labor;

16. That the claimant's speech is largely unintelligible;

17. That as the result of his injury and residual permanent partial disability, the claimant is unable to perform physical labor on a regular basis in the open labor market, and his age, work experience, lack of education, and inability to speak clearly prevent him from obtaining light or sedentary work compatible with his employment-related disability;

18. That as the further result of the injury of August 20, 1968, and its residuals alone and exclusive of the claimant's April, 1970, accident, the claimant was permanently totally disabled from June 13, 1969, to August 31, 1971, exclusive, on which latter date he was still so disabled."

On the basis of the above determinations, the Order awarded benefits as follows:

"That the employer, Norfolk, Baltimore and Carolina Line, Incorporated, and the insurance carrier, The Aetna Casualty and Surety Company, shall pay to the claimant, Stanley Alston, compensation as follows: 42⅔ weeks at $29.44 per week from August 21, 1968, to June 12, 1969, inclusive, which is $1,244.89 for temporary total disability, and 115⅔ weeks at $29.44 per week from June 13, 1969, to August 31, 1971, inclusive, which is $3,406.63 for permanent total disability, a total of $4,651.52 for temporary total and permanent total disability, all of which has accrued.

The employer and insurance carrier have paid all of this amount to the claimant as compensation and are DIRECTED to continue payments of compensation at the rate of $29.44 per week in a biweekly manner for permanent total disability from September 1, 1971, until otherwise ordered."

The plaintiffs—employer and insurer of the claimant, Stanley Alston—take exception to the Deputy Commissioner's findings in two respects. First, plaintiffs contend that the claimant is entitled to compensation only for the percentage of permanent impairment to his right arm (63 per cent), and, further, that plaintiffs have proved that they had available to the claimant certain light work which he could have performed subsequent to his attaining maximum improvement from the injury to his right arm and prior to the automobile accident and, therefore, he was not totally disabled within the meaning of the Act. Second, plaintiffs contend that if the claimant is totally disabled, it is a result of a subsequent non-employment related automobile accident.

At the outset, it should be noted that "the resolution of factual controversies in Longshoremen's and Harbor Worker's Compensation Act cases is the primary responsibility of the Deputy Commissioner. If, viewing the record as a whole, there is substantial evidence for his findings, they cannot be set aside even though the court might disagree with them." Charleston Shipyards v. Lawson, 227 F.2d 110, 113 (4 Cir. 1955).

■■ It is clear that under the Act, disability means "incapacity because of injury to earn the wages which the employee was receiving at the time of the injury." 33 U.S.C. § 902(10). Thus, "disability cannot be measured by physical condition alone. Other factors must be considered, such as age, education, industrial history and the availability of work which appellant can do." Cunnyngham v. Donovan, 328 F.2d 694, 697 (5 Cir. 1964). The plaintiffs' position is simply that a medical determination of 63 per cent impairment to the right arm cannot sustain a finding of total disability. The plaintiffs obviously misapprehend the Act's definition of disability. A claimant may be totally disabled within the Act's economic concept while only partially impaired in a medical sense. See, e. g., Employers Liability Assurance Corporation v. Hughes, 188 F.Supp. 623, 624 (S.D.N.Y.1959). The test to be applied is a functional one. The claimant testified that he is right handed, had a third grade education, and has never performed any work save that which requires manual labor. The claimant further testified that since his 1968 arm injury, he has no functional use of his right arm. The plaintiffs' own examining physician corroborated the testimony regarding plaintiff's limited retraining capability. "His speech is so peculiar that it is hardly understandable at all to me, and I am accustomed to Gullah." (Joint Exhibit 9) (Gullah is a hybrid mixed dialect indigenous to South Carolina lowcountry blacks which is barely comprehensible even to those schooled in its intricacies.)

■■ The plaintiffs' most vigorous argument centers on their reliance on the testimony of the employer's agent, Mr. Frank Huneken, that the employer would have paid Mr. Alston the same wages had he ever come back for a job after his 1968 arm injury. The claimant and his niece both testified that the claimant had not been able to perform any work since the 1968 injury. They denied that any representative of the employer ever contacted claimant or offered him work. For the plaintiff to prevail on this issue, this court would have to overturn the implicit finding of the Deputy Commissioner that he accepted the testimony of claimant and his niece and rejected that of Huneken. Credibility findings of a hearing examiner are entitled to great weight and deference. In fact, in a recent decision, the Court of Appeals for the Fifth Circuit held that despite the fact that the Deputy Commissioner's credibility finding was "tenuous, credulous, and unwise . . . given the credibility choice which the Deputy Commissioner had made, and which was *exclusively* within his province to make; there was substantial evidence in the record. . . ." Plaquemines Equipment and Machine Co. v. Neuman, 460 F.2d 1241, 1242–1243 (5 Cir. 1972). *In accord*, N. L. R. B. v. Smoky Mountain Stages, Inc., 447 F.2d 925, 929 (dissenting opinion) (4 Cir. 1971). Without regard to whether credibility findings are reposed exclusively with a hearing examiner or whether a court has some reviewing power, the record in this case amply supports the Deputy Commissioner's findings.

■ With respect to the Deputy Commissioner's rejection of the plaintiffs' position that the claimant was rendered totally and permanently disabled, if at all, by the 1970 automobile accident, it should be noted that under the statutory discretion vested in the Deputy Commissioner, he is "permitted to disregard medical testimony and rely upon his own observation of (claimant) and other evidence before him in making his decision." Ennis v. O'Hearne, 223 F.2d 755,

758 (4 Cir. 1955). Where two permissible inferences exist, the Deputy Commissioner can validly rely on one to the exclusion of the other.

Upon a review of the entire record, it is clear that there is substantial evidence to support the finding of the Deputy Commissioner of total permanent disability and that finding and award is hereby afirmed.

And it is so ordered.