IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60457
Summary Calendar
_____

L.C. WADE JR.,

Petitioner,

versus

AVONDALE INDUSTRIES, INC.; DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR,

Respondents.

--------------------
Petition for Review of an Order of
the Benefits Review Board
BRB No. 98-1229
--------------------
May 10, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Contending that he suffered shoulder and neck injuries in addition to damages to his finger subsequent to an accident at work, L. C. Wade Jr. petitions this Court for review of the decision by the Department of Labor's Benefits Review Board (BRB), wherein it affirmed the Administrative Law Judge's (ALJ) determination that any injury sustained to petitioner's shoulders or neck was not causally related to the work-related incident that led to his initial claim for benefits.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The incident that initially gave rise to this appeal occurred on February 29, 1996. Petitioner, a shipfitter, suffered a crush injury to his left index finger, during the course of his employment with Avondale Industries, Inc. When petitioner sought first-aid assistance for his injury he was screened for illicit drug use, as is routine following a work-related accident. Subsequent to treatment, which included surgery to repair his finger, petitioner was released to return to his usual job duties on July 15, 1996. Instead of being reinstated, however, petitioner was terminated for a violation of the company's drug policy that was detected by the routine drug screening.

Petitioner initiated a claim against his employer under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 et seq, for compensation for temporary total disability, as well as for reasonable and necessary medical expenses, related to a neck and shoulder condition he allegedly developed as a result of the crush injury.[1] However, on June 9, 1998, the ALJ concluded that petitioner had failed to establish a causal relationship between the accident and his neck and shoulder condition, in light of the record developed at trial. Petitioner subsequently appealed the ALJ's decision to the BRB, which affirmed the decision in writing, on May 17, 1999. Petitioner now seeks review in this Court.

---

[1]Petitioner received temporary total disability compensation from February 29 to July 15, 1996, and an award under the schedule for a 44 percent impairment to his index finger, as well as related medical benefits, as a result of the injury to his finger.

"We review decisions of the BRB for errors of law and adhere to the substantial evidence standard that governs the BRB's review of the ALJ's factual determinations." P & M Crane Co. v. Hayes, 930 F.2d 424, 428 (5th Cir. 1991). "We must affirm the BRB's decision 'if it correctly concluded that the ALJ's findings are supported by substantial evidence and are in accordance with the law.'" Mendoza v. Marine Personnel Co., 46 F.3d 498, 500 (5th Cir. 1995) (quoting P & M Crane, 930 F.2d at 428).

We have reviewed carefully the record and the briefs, and we conclude that the ALJ's rulings are supported by substantial evidence. As we typically defer to the ALJ's credibility choices between conflicting evidence and witnesses, see Calbeck v. Strachan Shipping Co., 306 F.2d 693, 695 (5th Cir. 1962), we will not disturb the ALJ's decision to credit the doctor presented by Avondale over the doctor presented by petitioner at the hearing. Accordingly, the petition is

DENIED.