302 F.2d 661
 Judson P. HARRIS, Robert Mann, V.M.S. S. Hannell, Mary I.
Byrne, Robert F. Dunn, Hanus Steiner, James M. Fallis,
Walter W. Baur, Stephen P. Moran, Fred E. Meyer, and
Florence Broady, Plaintiffs-Appellants,
v.
Colonel Joseph A. SMEDILE, Defendant-Appellee.
 No. 13406.
 United States Court of Appeals Seventh Circuit.
 May 8, 1962.
 
 Leonard D. Rutstein, John M. Leonard, Jr., John F. Sembower, Chicago, Ill., for appellants.
 Ramsey Clark, Asst. Atty. Gen., Raymond N. Zagone, Atty., Lands Div., U.S. Dept. of Justice, Washington, D.C., James P. O'Brien, U.S. Atty., Chicago, Ill., Roger P. Marquis, Atty., Dept. of Justice, Washington, D.C., for appellee.
 Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 This is a diversity action by residents of Indiana seeking to compel defendant, a resident of Illinois, to cancel and withdraw a permit granted Midwest Steel Corporation, January 5, 1961, to build a bulkhead and fill on offshore land in Lake Michigan in Porter County, Indiana. The trial court dismissed the action and entered judgment for defendant. Plaintiffs have appealed.
 
 
 2
 Midwest applied to defendant, District Engineer, Chicago District, United States Army Corps of Engineers, for a permit to build the bulkhead in, and fill about two hundred twenty-five acres of the offshore land under, the navigable waters of Lake Michigan. A public hearing was held May 10, 1960 by defendant after notice to four hundred sixty-seven agencies and persons. A letter from the Governor of Indiana was presented at the meeting granting the right to Midwest to build the bulkhead and make the fill. The permit to Midwest issued thereafter.
 
 
 3
 Ten plaintiffs, alleging a class action, sued defendant in his official capacity and as representative of the United States, the Department of the Army, the Corps of Engineers, and the Secretaries of Defense and Army. The complaint sought broad injunctive and declaratory relief. The District Court dismissed the complaint as to all defendants except defendant Smedile, and granted leave to file an amended complaint. The amended complaint added a new plaintiff and named Smedile alone as defendant. On his motion the suit was dismissed, after briefs were filed.
 
 
 4
 The question is on the sufficiency of the amended complaint to state a cause of action, admitting well-pleaded allegations.
 
 
 5
 Plaintiffs claim the admission of defective and improper notice of the public hearing: illegal denial of plaintiffs to cross-examine witnesses and limitation and exclusion of evidence: and neglect of Smedile to consider the effect of the project as to beach erosion and water pollution and in refusing to consider relevent evidence after the hearing and to hold further hearings. They argue that defendant's acts denied them due process and were 'illegal and in excess of his statutory authority, resulting in vast and irreparable' damage.
 
 
 6
 We shall assume, but not decide, that defendant's motion admits all that is claimed by plaintiffs and, for purpose of decision, admit the validity of the arguments advanced on the claimed admission. Nevertheless we think the District Court did not err in dismissing the amended complaint.
 
 
 7
 The relief sought was an order of the District Court directing Smedile to 'cancel and withdraw the permit,' 'refrain from reissuing such permit * * *,' and for such other relief as would be equitable.
 
 
 8
 On the assumptions mentioned, if Smedile acted illegally in excess of his authority, he cannot right the wrong. He does not have authority to 'cancel or withdraw' the permit. This authority is lodged in the Secretary of the Army, who alone[1] has power to authorize the work after recommendation by the Chief of Engineers. It is apparent from reading the pertinent regulations of the Department of the Army that only the Secretary has the power to do what the District Court was asked to force Smedile to do. Smedile's power of supervision and approval and to 'temporarily suspend the work' if interests of navigation require[2] does not empower him to 'cancel and withdraw' a permit issued to Midwest Steel Corporation by the Secretary of the Army. Neither does he have the power to direct alterations in the work.[3] In fact, the regulation expressly states the District Engineer is 'without authority to cancel or revoke permits.'[4] The answer to an officer's use of excessive authority is not for a court to force him to further excess of authority.
 
 
 9
 The District Court did not err in dismissing the amended complaint for failure to state a cause of action of which the court had jurisdiction. We need consider no other point made. The judgment of the trial court is affirmed.
 
 
 
 [1]
 Rivers and Harbors Act of 1899, 10, 30 Stat. 1151, 33 U.S.C.A. 403
 
 
 [2]
 33 C.F.R. 209.130(f)(2)(i)
 
 
 [3]
 33 C.F.R. 209.130(1)(2); 33 C.F.R. 209.130(f)(2)(vi)
 
 
 [4]
 33 C.F.R. 209.130(l)(1)