VAPOR BLAST INDEPENDENT SHOP WORKER'S ASSOCIATION, Ervin Strobel and John G. Westphal, Petitioners,

v.

Richard B. SIMON, Ross M. Madden, and Stuart Rothman, Respondents.

No. 13672.

United States Court of Appeals Seventh Circuit.

June 28, 1962.

Lawrence S. Galka, Wauwatosa, Wis., for petitioners.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Paul Elkind, Atty., N. L. R. B., Washington, D. C., for respondents.

Before HASTINGS, Chief Judge, and KILEY and MAJOR, Circuit Judges.

HASTINGS, Chief Judge.

This is an original action for a writ of mandamus against two agents of the National Labor Relations Board, viz.: Richard B. Simon, Compliance Officer, Thirteenth Region; Ross M. Madden, Board Regional Director, Thirteenth Region; and Stuart Rothman, Board General Counsel (Respondents). Petitioners, Vapor Blast Independent Shop Worker's Association (Independent), Ervin Strobel and John G. Westphal, petition us to compel respondents to seek complete compliance with a decree of this court enforcing in its entirety an order of the National Labor Relations Board. Respondents have filed a motion to dismiss and an answer to the petition.

On January 12, 1960, the Board found that Vapor Blast Manufacturing Com-

pany had committed certain unfair labor practices. N. L. R. B. v. Vapor Blast Manufacturing Company, 126 N.L.R.B. 74 (1960). The Board ordered Vapor Blast to offer reinstatement to petitioners Strobel and Westphal, and Albert Strutz, Frederick Kaleya and Edwin Griffa,[1] all of whom it found had been discriminatorily discharged. Vapor Blast was also ordered to make these discriminatees whole for any loss of pay, resulting from such discrimination. The Board further ordered that Vapor Blast cease assisting any labor organization; that it reimburse employees for union dues illegally exacted; that it bargain in good faith with Independent; and that it post the usual form notices. We granted the Board's petition for enforcement of its order. N. L. R. B. v. Vapor Blast Manufacturing Company, 7 Cir., 287 F.2d 402 (1961), cert. denied, 368 U.S. 823, 82 S.Ct. 42, 7 L.Ed.2d 28.

In determining the amount of backpay due petitioner Strobel under the enforced order, respondent Simon refused to allow backpay for the fourth quarter of 1958. This disallowance was based on Strobel's statement that during said quarter he "was out on strike with the others" against his interim employer. A determination of the amount of backpay due Westphal was made but later reduced when Simon discovered he had overlooked additional interim earnings. The amounts ultimately determined to be due Strobel and Westphal were tendered by Vapor Blast and accepted by Strobel and Westphal in full satisfaction of their backpay awards.

After this court decreed enforcement of the Board's order, Vapor Blast posted the required notice without alteration, including a statement that Strutz would be offered reinstatement. Alongside this notice, however, Vapor Blast posted a letter it had sent to the Board in which it informed the Board it would not reinstate Strutz because of non-discriminatory reasons of which it became aware on November 12, 1959, 14 months after Strutz's unfair labor practice discharge.

Thereupon, Simon and Vapor Blast entered into negotiation, culminating in a settlement of all outstanding issues as to compliance and subsequently approved by respondent Rothman, Board General Counsel, on February 27, 1962. Under this settlement: (a) amounts due Strutz, Griffa and Kaleya as backpay were agreed upon, (b) all dues illegally exacted were to be returned to the employees, (c) Vapor Blast was to post notices in the Board's language without any accompanying documents, amended, however, to remove Strutz's name from the list of employees to be offered reinstatement and to add a sentence that Strutz does not desire reinstatement and (d) Vapor Blast was to abide by the Board's order and notices in every other respect.

Petitioners object to the compromise settlement and the manner in which the amounts due Strobel and Westphal as backpay were determined. They request the following: "That said respondents be ordered to repudiate the aforesaid 'Package Deal,' as being repugnant to the principles of the National Labor Relations Act. That said respondents be ordered to initiate contempt proceedings immediately, due to the non-compliance with the Board's Decision and Order, and the resultant contempt to the Order of this Court enforcing the same. That said respondents be ordered to review their erroneous and inadequate determinations of back-pay sums, and impartially redetermine the correct full sums due, by hearing or otherwise."

It appears from respondents' exhibits, the genuineness of which is not questioned by petitioners, that the order has been compromised with respect to an offer to Strutz of reinstatement, a notice to that effect and amounts of backpay due Strutz and Griffa. Petitioners make no claim with respect to the amounts of backpay awarded Strutz and Griffa, and in fact concede them to be reasonable.

---

1. Petitioners Strobel and Westphal were reinstated in 1959. Kaleya died before entry of the decree. Griffa has refused to return to the company, and Strutz has stated he would not return to the company.

Thus it is necessary to consider this petition for a writ of mandamus only with respect to the failure to offer Strutz reinstatement, failure to post a notice to that effect, the propriety of the determination by respondent Simon of amounts due petitioners Strobel and Westphal as backpay and the institution of contempt proceedings.

Respondents contend the constituent members of the National Labor Relations Board are indispensable parties insofar as the petition seeks the compulsory institution of contempt proceedings. Petitioners claim, with respect to Strutz's reinstatement, that respondents had no alternative to seeking full compliance with the order. With respect to backpay paid Strobel and Westphal, they assert that such sums were arbitrarily and capriciously determined. Respondents contend the matters of Strutz's reinstatement and amounts due Strobel and Westphal as backpay were within respondents' discretion and such discretion was not abused.

We are in agreement with respondents' contention that the constituent members of the Board are indispensable parties to the extent that the petition seeks the compulsory institution of contempt proceedings. Under 29 U.S.C.A. § 153(d), the general counsel is charged with general supervision of the officers and employees of the regional offices. He is given final authority with respect to investigating unfair labor practice charges and issuing such complaints. In addition, the Board has delegated to him the responsibility of petitioning for enforcement of Board orders and resisting petitions for review of Board orders. 20 Fed.Reg. 2175 (1955), as amended, 23 Fed.Reg. 6966 (1958), as amended, 24 Fed.Reg. 6666 (1959), 1 CCH Lab.L.Rep. (4th ed.) § 1120.01. The Board, however, has directed "that the General Counsel will initiate and conduct * * * contempt proceedings pertaining to the enforcement of or compliance with any order of the Board *only upon approval of the Board* * * *." (Emphasis added.) Ibid.

It is clear that none of respondents may initiate contempt proceedings without prior Board approval. We could not effectively grant the relief requested without the constituent members of the Board before us. If persons other than respondents are necessary to effectuate the relief sought, such other parties are indispensable to the action. The teaching of Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95 (1947) is clear in this respect. See also Harris v. Smedile, 7 Cir., 302 F.2d 661 (1962).

Petitioners do not claim that respondents abused their discretion in compromising with Vapor Blast on the issue of Strutz's reinstatement. Rather, they claim there was no discretion in respondents to depart from the terms of the order.[2]

Strutz was discriminatorily discharged in September, 1958. Vapor Blast tendered evidence to the trial examiner that when Vapor Blast's workload increased in February, 1959 Strutz was not recalled because of the company's belief that Strutz had converted company property. This defense was rejected by the trial examiner as premature. The defense involved a question concerning compliance with an order, and such questions are customarily handled by the Board in separate proceedings.[3] There was discretion in respondents to take account of Vapor Blast's contention that

---

2. We do not deem it necessary in this case to determine whether, if we were to find an abuse of discretion on the part of either the Regional Compliance Officer, the Regional Director or the General Counsel, we could correct such abuse. See Hourihan v. National Labor Relations Board, 91 U.S.App.D.C. 316, 201 F.2d 187 (1952), cert. denied, 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1359.

3. This two step procedure—determining initially whether backpay and reinstatement should be ordered and leaving the specifics of compliance to later proceedings—has been recognized by the Supreme Court. National Labor Relations Board v. Deena Artware, Inc., 361 U.S. 398, 411, 80 S.Ct. 441, 4 L.Ed.2d 400 (1960) (concurring opinion).

circumstances had so changed that it was no longer obligated to offer reinstatement to Strutz. The settlement obviated further hearings and the accompanying delay in compliance with the balance of the order. Furthermore, respondents took account of the statement of Strutz that he did not desire reinstatement.[4]

Under the circumstances of this case it is sufficient for us to hold that there was discretion in respondents to settle for less than what the order required.[5] In addition, we deem it appropriate to state that even if petitioners were contending that respondents had abused their discretion with respect to Strutz's reinstatement, we could find no such abuse under the facts in this case.

■ The facts here clearly show that respondent Simon was not arbitrary or capricious in determining what amounts should be allowed petitioners Strobel and Westphal as backpay. In Strobel's case, Simon acted on Strobel's sworn statement that he was on strike against his interim employer during the fourth quarter of 1958. In response to a request by Simon, Strobel's interim employer informed Simon that work would have been available had Strobel so desired. A computation revealed that had Strobel continued work for his interim employer during the fourth quarter of 1958, his earnings would have exceeded what he would have earned at Vapor Blast, and backpay for this period was accordingly denied. It was not abuse of discretion for Simon to believe Strobel's own sworn statement and the statement of his interim employer and compute Strobel's backpay accordingly.

In a letter to Vapor Blast dated December 8, 1961, Simon had computed Westphal's backpay at $1028.52. The amount ultimately received by Westphal was $975.80, a reduction of $52.72. It appears that this latter figure represented interim earnings which Simon had inadvertently overlooked in his former computation. It is hardly an abuse of discretion to take account of all interim earnings in arriving at a proper backpay award.

■ Respondents are under no duty to grant petitioners a hearing on backpay awards for Strobel and Westphal. Neither the Constitution[6] nor the Act[7] nor the Board's rules[8] require it.

In sum, that part of the petition seeking the compulsory institution of contempt proceedings must be dismissed for the reason that "[a]s the Court has no jurisdiction to enforce the order at the suit of any private person or group of persons, we think it is clear that the court cannot entertain a petition for violation of its decree of enforcement save as the Board presents it." Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 270, 60 S.Ct. 561, 84 L.Ed. 738 (1940); Stewart Die

4. In fashioning its remedies, the Board has taken account of the fact that employees do not desire reinstatement. N. L. R. B. v. Crowley's Milk Company, Inc., 98 NLRB 276 (1952); N. L. R. B. v. Baxter Bros., 91 NLRB 1480 (1950); N. L. R. B. v. E. A. Laboratories, Inc., 86 NLRB 711 (1949).

5. See Stewart Die Casting Corp. v. National Labor Rel. Board, 7 Cir., 132 F. 2d 801 (1942), where a rule to show cause why it should not be adjudged in contempt had been issued on respondent company but such order was discharged pursuant to a compliance stipulation between the Board and the company which apparently did not require complete compliance with an enforced order. Discretion to settle for less than complete compliance was implicitly recognized.

6. Federal Communications Comm. v. WJR, 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949).

7. National Licorice Co. v. National Labor Relations Board, 309 U.S. 350, 362, 60 S.Ct. 569, 84 L.Ed. 799 (1940).

8. Under the Board's Rules only the party who is liable for backpay is entitled to a hearing. 29 C.F.R. 101.16, 102.52–.59 (Supp.1962). Cf. Textile Workers Union of America, AFL–CIO v. N. L. R. B., D.C.Cir., 294 F.2d 738 (1961), where the court held a consent order in an unfair labor practice proceeding to which the charging party had not agreed could not stand without either a reasonable opportunity for the union to be heard or a record which revealed valid reasons for the Board's acceptance of the stipulation.

Casting Corp. v. National Labor Rel. Board, 7 Cir., 132 F.2d 801, 803 (1942). Further, as previously pointed out, the constituent members of the Board are indispensable parties and they are not named as respondents herein. Williams v. Fanning, 332 U.S. 490, 493, 68 S.Ct. 188, 92 L.Ed. 95 (1947).

Without reference to other relief sought by petitioners, and without determining whether they have standing here to seek it, it is sufficient for us to conclude finally that we find no fault with the action taken to enforce our decree. It meets with our approval and, accordingly, the remainder of the petition will be denied.

In view of our holding, we do not deem it necessary to amend our prior decree to except therefrom the requirement of an offer of reinstatement to Strutz, as suggested by the Board.

The petition for a writ of mandamus is ordered dismissed as to the institution of contempt proceedings and denied in all other respects.

Petition dismissed in part and denied in part.