**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOZANO ENTERPRISES, Respondent.**

No. 18205.

United States Court of Appeals
Ninth Circuit.

Feb. 2, 1966.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Asst. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, Peter M. Giesey, Attys., N. L. R. B., Washington, D. C., for petitioner.

Sheppard, Mullin, Richter & Hampton, Frank Simpson, III, Don T. Hibner, Jr., Los Angeles, Cal., for respondent.

Before CHAMBERS and BARNES, Circuit Judges, and CURTIS, District Judge.

CURTIS, District Judge:

The Lozano Enterprises, publisher of the Spanish newspaper, La Opinion, in Los Angeles, petitions this court to set aside a back pay order of the National Labor Relations Board awarding to Jose Villasenor, a night-shift linotype operator for La Opinion, the total sum of $11,980.90 in back pay plus six per cent interest until paid. The back pay order resulted after a hearing as to the amount necessary "to make the employee whole" following unlawful discharge for union activity.

Opposition to the total back pay allotted by the order of the National Labor Relations Board is predicated upon four basic contentions:

1. Villasenor failed to exercise due diligence in seeking other employment thereby decreasing the total amount due him from his employer.

2. The total amount due from the employer should be diminished by the total amount of money received by him from the Union during his unemployment.[1]

3. The back pay award should be reduced during the time of his unemployment when he was attending school in an attempt to learn the English language.

4. The back pay award should be reduced by the amount of wages he would have received from the Forum Cafeteria had he not quit his job.

After the affirmance by this court of the order of the National Labor Relations Board requiring the reinstatement of the discharged employee based upon a finding that the employer had been guilty of discriminatory practices,[2] a dispute

1. It was stipulated that $6,343.67 was the correct amount.

2. 9 Cir., 318 F.2d 41.

arose, not as to the total amount of earnings of the discharged employee had he remained on the job, but as to whether certain deductions should be made from the total amount. The trial examiner found that the employee had used due diligence in trying to find employment. He also found, in effect, that only the amount of actual wages earned by the employee on other jobs should be deducted.

 An examination of the transcript reveals that the findings of the trial examiner and the order of the National Labor Relations Board predicated thereon are amply supported by the evidence. The trial examiner made an express finding that Villasenor "testified with every appearance of frankness, fairness and accuracy. I credit his entire testimony." The testimony of Villasenor was substantiated by that of fellow employees. This is sufficient to support the order of the National Labor Relations Board. The attempted discrediting of evidence offered on behalf of the employee failed to impress the trial examiner. As read in the record, it fails to impress us.

The order of the National Labor Relations Board should be and it is hereby affirmed.