**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AMERICAN COMPRESS WAREHOUSE, DIVISION OF FROST–WHITED COMPANY, Inc., Respondent.**

**No. 20029.**

United States Court of Appeals
Fifth Circuit.

March 10, 1967.

574

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Stuart Rothman, Gen. Counsel, Warren M. Davison, Gladys Kessler, Attys., N. L. R. B., for petitioner.

* Of the Tenth Circuit, sitting by designation.

1. NLRB v. American Compress Warehouse, Division of Frost-Whited Co., Inc., 5 Cir.,

Carl B. Callaway, Dallas, Tex., for respondent.

Before RIVES, LEWIS,* and BELL, Circuit Judges.

PER CURIAM:

The National Labor Relations Board petitions this Court to enforce the Board's Supplemental Decision and Order. Upon considering the legal issues involved, we conclude that the Board's order be enforced.

On June 28, 1962, the National Labor Relations Board found that American Compress Warehouse had discriminatorily discharged its employees Simon Littleton, J. C. Comick and James Simons, in violation of Section 8(a) (3) and (1) of the National Labor Relations Act. 29 U.S.C. § 158(a) (1) and (3). The Board ordered the respondent to reinstate with back pay the three employees. This Court, on August 13, 1963, held that the Board's decision and order would be enforced.[1] On September 27, 1963, this Court entered its decree which, in effect, provided that the respondent make to the discharged employees an offer of immediate and full reinstatement to their former positions and make them whole for any loss of pay suffered by reason of the discrimination against them. The Board's order, as enforced, contained no direction that the employer pay interest on amounts of back pay owing to the employees.

Following entry of the September 27 enforcement decree, and after unsuccessful informal attempts to resolve the amount of back pay due, a Trial Examiner held a back-pay hearing. The amount of back pay due each dismissed employee was determined to be as follows:

| Simon Littleton | $2,555.31 |
| J. C. Comick | $2,757.48 |
| James Simons | $3,043.43 |

321 F.2d 547, cert. den., 375 U.S. 968, 84 S.Ct. 487, 11 L.Ed.2d 416.

The respondent does not challenge these amounts.

The Trial Examiner included an award of interest at 6 per cent per annum in his recommended back-pay order, noting in a footnote to his opinion:

"Isis Plumbing and Heating Co., 138 NLRB 716; Local 138, International Union of Operating Engineers, AFL–CIO, et al., 151 NLRB No. 102. Based upon the principles enunciated in these cases, no reason appears why such interest should not accrue, on the quarterly basis, in accordance with the formula prescribed in the Isis case."

The Board, in its Supplemental Decision and Order, issued on December 21, 1963, affirmed and adopted the Trial Examiner's decision.

The respondent's answer to the Board's motion to enforce its Supplemental Order limits its contest to the award of interest. All other parts of the Board's order are accepted. The respondent contends that since the Board's order as enforced by this Court's decision of August 13, 1963, and its subsequent decree on September 27, 1963, did not provide for interest, the Board is not authorized to award interest by a supplemental order.

■ The respondent's position misconstrues the authority and duty of the Board to revise and supplement its remedial orders where necessary to effectuate the purpose of the Act.[2] The supplemental orders may not "enlarge upon" or be "inconsistent with" the terms of the Court's enforcement decree. The interest award does neither, for it simply conforms to the Board's original order that the employer make the discharged employees whole for any loss of pay they may have suffered by reason of the discrimination against them.[3]

■ Interest payments help effect "a restoration of the situation, as nearly as possible, to that which would have obtained but for the illegal discrimination." Phelps Dodge Corp. v. NLRB, 1941, 313 U.S. 177, 194, 61 S.Ct. 845, 852, 85 L.Ed. 1271.[4]

In the past cases, the Board has adopted the rationale now proposed by the respondent. In a number of cases supplemental orders did not award interest if the original order was silent as to interest.[5]

The Board abandoned this policy in Local 138, International Union of Operating Engineers, 151 NLRB 972, in which by supplemental order it awarded interest even though the original order did not provide for interest:

"Accordingly, contrary to the Trial Examiner's recommendation, we direct the addition of interest at the rate of 6 per cent per annum on the respective amounts that have herein been determined to be payable to each discriminatee. However, as the Trial Examiner's disallowance of such interest followed earlier Board precedent which we are now overruling, we shall in this case direct that *such interest accrue only from the date of this order* rather than from the date of the Trial Examiner's Supplemental Decision."[6] (Emphasis ours.)

■ The Board in the case now before us takes a further step. We are asked to

2. See e. g., NLRB v. New York Merchandise Co., 2 Cir. 1943, 134 F.2d 949; Wallace Corp. v. NLRB, 4 Cir. 1947, 159 F.2d 952; Vapor Blast Independent Shop Worker's Association v. Simon et al., 7 Cir. 1962, 305 F.2d 717, 719, n. 3. See NLRB v. Deena Artware, Inc., 361 U.S. 398, 410–412, 80 S.Ct. 441, 4 L.Ed.2d 400 (Justice Frankfurter concurring).

3. Local 138, International Union of Operating Engineers, 151 NLRB 972, 974; Lozano Enterprises, 152 NLRB 258, 260, n. 8, enforced, 9 Cir. 1966, 356 F.2d 483.

4. See NLRB v. Charley Toppino & Sons, Inc., 5 Cir. 1966, 358 F.2d 94; Marshfield Steel Co. v. NLRB, 8 Cir. 1963, 324 F.2d 333.

5. M. J. McCarthy Motor Sales, 147 NLRB 605; Ellis and Watts Products, Inc., 143 NLRB 1269, 1272; Mooney Aircraft, Inc., 148 NLRB 1057; General Engineering, Inc., and Harvey Aluminum, 147 NLRB 936.

6. See Lozano Enterprises, 152 NLRB 259, enforced 9 Cir. 1966, 356 F.2d 483.

award interest "from the end of each calendar quarter" for which back pay is owed. We have been shown no reason why this award of interest should not be enforced. There has been no showing of unfairness to the respondent, and the Board did not abuse its discretion.

The Board's Supplemental Order will be

Enforced.