**STRACHAN SHIPPING COMPANY and Texas Employers' Insurance Association, Plaintiffs-Appellants,**

v.

**Robert D. WEDEMEYER, Deputy Commissioner, and Steve S. Warchol, Defendants-Appellees.**

No. 71–2088.

United States Court of Appeals, Fifth Circuit.

Dec. 29, 1971.

---

**1226**

Mayo J. Thompson, E. D. Vickery, Houston, Tex., for plaintiffs-appellants; Royston, Rayzor & Cook, Houston, Tex., of counsel.

Anthony J. P. Farris, U. S. Atty., Jack Shepherd, Asst. U. S. Atty., Houston, Tex., for Wedemeyer.

Ben Ramey, Houston, Tex., Leavenworth Colby, Sp. Asst. Atty. Gen., Morton Hollander, U. S. Dept. of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., Alan S. Rosenthal, Attys., U. S. Department of Justice, Washington, D. C., for Warchol.

Before RIVES, AINSWORTH and GODBOLD, Circuit Judges.

RIVES, Circuit Judge:

The sole question to be decided is whether a Deputy Commissioner,[1] in making an award of compensation under the Longshoremen's and Harbor Workers' Compensation Act,[2] has authority to include interest at the rate of 6 per cent per annum on each installment of compensation from the time payment would have been due had not the employer controverted the right to compensation.

There is no dispute about the facts now material. On August 9, 1968, Steve S. Warchol, a longshoreman in the employ of Strachan Shipping Company, acting in the course and scope of his employment, suffered injuries to his right arm, of which Strachan at the time had knowledge. Texas Employer's Insurance Association, Strachan's insurance carrier, furnished Warchol with such medical care as was required from August 9 to September 22, 1968, on which date the injuries became disabling. The carrier then voluntarily paid Warchol compensation for temporary total disability from September 22, 1968 through October 29, 1968 pursuant to section 914(a) of the Act,[3] and subsequently paid additional compensation for temporary partial disability from October 30, 1968 through February 11, 1968. Strachan and its carrier notified the Deputy Commissioner of the beginning and suspension of payments as required by section 914(c) of the Act.[4] Informal adjudicatory processes under the direction of the Deputy Commissioner failed to produce an agreement as to what, if any, additional compensation was owed. As re-

---

1. Bureau of Employees' Compensation, United States Department of Labor.

2. 33 U.S.C. § 901, et seq.

3. "(a) Compensation under this chapter shall be paid periodically, promptly, and directly to the person entitled thereto, without an award, except where liability to pay compensation is controverted by the employer." 33 U.S.C. § 914(a). For

convenience reference is confined to the sections of the U.S. Code.

4. "(c) Upon making the first payment, and upon suspension of payment for any cause, the employer shall immediately notify the deputy commissioner, in accordance with a form prescribed by the Secretary, that payment of compensation has begun or has been suspended, as the case may be." 33 U.S.C. § 914(c).

quired by section 914(d) of the Act,[5] Strachan and its carrier then filed notice with the Deputy Commissioner that Warchol's claim for additional compensation was controverted.

The Deputy Commissioner held a formal hearing on January 6, 1970, and on January 23, 1970 awarded Warchol additional compensation for temporary total disability and for a 10 per cent permanent partial disability of his right hand. Though theretofore hotly disputed, the Deputy Commissioner's findings of fact and award of compensation were not appealed to the district court and are not now involved, except as to the following award of interest:

"The employer and the insurance carrier having paid $934.88 to the claimant shall forthwith pay the balance of $2,068.00, together with interest payable in accordance with Section 14(b) and (m) of the Act, 33 U.S.C. 914(b) and (m), on each past due installment of compensation at the rate of 6 percent per annum from its original due date until paid." [6]

The parties have stipulated that the interest involved amounted to only $84.-42. As a test to decide the single legal issue of the authority of the Deputy Commissioner to award interest, the case was submitted to the district court on cross motions for summary judgment with supporting briefs. The district court entered a succinct judgment affirming the Deputy Commissioner's award as follows:

"JUDGMENT

"Of the view that an award of the Deputy Commissioner of interest on compensation payments which he found to be past due, in the agreed amount of $84.42, is, under the circumstances here found to exist, in accordance with law (this being the only issue in controversy), the Deputy Commissioner's award is affirmed. The defendant's motion for summary judgment, and to confirm the award, is granted and the action is dismissed.

"Done at Houston, Texas, this 10th day of March, 1971.

"BEN C. CONNALLY

"United States District Judge"

This appeal ensued.

Neither section 914(b) nor 914(m) of the Act, referred to by the Deputy Commissioner, contains any express authority for the payment of interest in the absence of a formal award of compensation. Section 914(b) [7] relates to the due dates of compensation paid without a formal award. Section 914(m) refers to the payment of "any amount accruing as interest upon defaulted compensation collectible under section 918 of this title." Section 918 relates to the collection of defaulted payments due under an award of compensation and does not refer to interest payable in the absence of an award such as here involved.

The Longshoremen's and Harbor Workers' Compensation Act was first enacted in 1927,[8] while the provision for interest on defaulted payments due under an award of compensation referred to in sections 914(m) and 918 first appeared in 1956.[9] The 1956 Act contains the only express reference to payment of interest. Previously there had been no

---

5. 33 U.S.C. § 914(d).

6. Both 33 U.S.C. § 921(b) and the Administrative Procedure Act, 5 U.S.C. §§ 701–706 vested the district court with jurisdiction. This Court has jurisdiction under 28 U.S.C. § 1292.

7. "(b) The first installment of compensation shall become due on the fourteenth day after the employer has knowledge of the injury or death, on which date all compensation then due shall be paid. Thereafter compensation shall be paid in installments, semimonthly, except where the deputy commissioner determines that payment in installments should be made monthly or at some other period." 33 U.S.C. § 914(b).

8. March 4, 1927, c. 509, 44 Stat. 1424.

9. July 26, 1956, c. 735 §§ 5 and 6, 70 Stat. 655.

express provision for interest as such.[10] There had been provisions for adding to each installment of compensation payable without an award and not paid within fourteen days after it becomes due a lump sum amount of 10 per cent of such delinquent installment,[11] and for adding to unpaid compensation payable under the terms of an award which is not paid within ten days after it becomes due an amount equal to 20 per cent of such delinquent compensation.[12] These 10 per cent and 20 per cent additions are not increased by the length of the delinquency. They bear little resemblance to interest, and should rather be treated as penalties.

The 1956 amendatory act providing for interest on defaulted payments due under an award affords little, if any, inference as to whether interest can be required from the time payment would have been due without an award had not the employer controverted the right to compensation. There is then no express provision of the Act either authorizing or forbidding the Deputy Commissioner to order the payment of such interest.

The question is complicated by the fact that for about forty years after the Act was first passed in 1927 no interest was required on delinquent installments paid without an award. Only within the last few years have the Deputy Commissioners begun including interest as a part of their awards.

Appellants' argument is based essentially on the language of the Act. It may be summarized as follows: (1)

Neither of the sections relied on by the Deputy Commissioner[13] authorizes an award of interest; (2) section 914(a) provides that compensation shall be paid without an award "except where liability to pay compensation is controverted by the employer," and the employer did so controvert in this case; (3) section 914 (e) provides for 10 per cent addition to compensation payable without an award and not paid within fourteen days after it becomes due "unless notice is filed under subdivision (d) of this section," and the employer did properly file notice under subdivision (d) that it controverted the right to payment of compensation; (4) subsection 914(f) provides for a 20 per cent addition to compensation payable under the terms of an award and not paid within ten days after it becomes due, but the employer paid within such ten days; (5) if any event neither the 10 per cent addition provided by 914(e) nor the 20 per cent addition provided by 914(f) relates to interest, and the only provision for interest is contained in 914(m) and 918 as added in 1956[14] and is limited to interest on defaulted payments due under an award of compensation, and there was no such default in this case. The appellants conclude that Congress expressly provided under what circumstances an employer or carrier has to pay "additional compensation" or "interest," none of which are applicable to this case; and that the Deputy Commissioner's award of 6 per cent interest on each installment from the time payment would have been due had not the

10. However, it has long been established that,

"the failure to mention interest in statutes which create obligations has not been interpreted by this Court as manifesting an unequivocal congressional purpose that the obligation shall not bear interest. Billings v. United States, 232 U.S. 261, 284–288 [34 S.Ct. 421, 425–427, 58 L.Ed. 596]. For in the absence of an unequivocal prohibition of interest on such obligations, this Court has fashioned rules which granted or denied interest on particular statutory obligations by an appraisal of the congressional purpose in imposing them and in the light of general principles deemed relevant by the Court. See, e. g., Royal Indemnity Co. v. United States, supra [313 U.S. 289, 295–297, 61 S.Ct. 995, 85 L.Ed. 1361]; Board of Comm'rs v. United States, 308 U.S. 343 [60 S.Ct. 285, 84 L.Ed. 313]."

Rodgers v. United States, 1947, 332 U.S. 371, 373, 68 S.Ct. 5, 92 L.Ed. 3.

11. 33 U.S.C. § 914(e).

12. 33 U.S.C. § 914(f).

13. 33 U.S.C. §§ 914(b) and (m).

14. See n. 9, supra.

employer controverted the right to compensation is an unwarranted attempt to exercise legislative power to amend the Act. From a strictly literal reading of the Act alone, the position of the appellants would appear to be impregnable.

On his part, the Deputy Commissioner, following the lead of the Bureau of Employees' Compensation and the Secretary of Labor [15] argues that the overriding purpose of the Act is to provide for prompt periodical payments of compensation to the injured employee except where liability to pay compensation is controverted by the employer; [16] and that the employee does not receive the amount of compensation due him where the employer controverts his right unless interest is added to the delayed payments. The Deputy Commissioner points out that for 26 years prior to 1962 the NLRB in the absence of express authority granted by the statute,[17] followed the practice of not including interest in its orders for compensation. Following the 1962 change of practice, this Circuit and seven other circuits unanimously upheld awards of interest.[18] The rationale was well expressed by then Circuit Judge Burger, as follows:

"In the evolution of the law of remedies some things are bound to happen for the 'first time.' As a supplement to existing remedies long approved we cannot say that the allowance of interest is other than a factor which effectuates the policies of the Act for it is plainly in the direction of making the employee whole. Virginia Electric & Power Co. v. National Labor Relations Board, 319 U.S. 533, 540–541, 63 S.Ct. 1214, 87 L.Ed. 1568 (1943). We cannot regard changes in remedial mechanisms as beyond the Board's powers so long as they reasonably effectuate the congressional policies underlying the statutory scheme. National Labor Relations Board v. Seven-Up Bottling Co., supra [344 U.S. 344 (1953)]." International Brotherhood of Operative Potters v. N. L. R. B., 1963, 116 U.S. App.D.C. 35, 320 F.2d 757, 761.

The Deputy Commissioner further points to the provisions of section 02.1(a) and (b) and section 31.1 of the Longshoremen's Compensation Act Regulations of 1938 [19], recognizing the ". . . particularized principles which have general applicability to workmen's compensation statutes (State and Federal) . . ." and directing adherence to such principles as stated in both federal and state decisions. In the absence of a provision either providing for or forbidding the allowance of interest in compensation cases, most state courts have awarded interest on each installment from its due date.[20] The rationale as expressed by the Supreme Court of Florida is particularly pertinent to the case at bar:

"The compensation act is to be construed in favor of the working man. Not only have we said this on many occasions but the act itself so provides. Section 440.26, F.S.A. If an employer controverts the right to compensation, the penalty fixed by the

---

15. Who is authorized to make rules and regulations for the administration of the Act. 33 U.S.C. § 939(a).

16. 33 U.S.C. § 914(a), n. 3 *supra*.

17. 29 U.S.C. § 160(c).

18. N.L.R.B. v American Compress Warehouse, 5 Cir. 1967, 374 F.2d 573, 575; N.L.R.B. v. George E. Light Boat Storage, Inc., 5 Cir. 1967, 373 F.2d 762, 766; Philip Carey Mfg. Co., Miami Cabinet Div. v. N.L.R.B., 6 Cir. 1964, 331 F.2d 720, cert. denied, 379 U.S. 888, 85 S.Ct 159, 13 L.Ed.2d 92; Revere Copper & Brass, Inc. v. N.L.R.B., 7 Cir. 1963, 324 F.2d 132; Marshfield Steel Co. v. N.L.R.B., 8 Cir. 1963, 324 F.2d 333; N.L.R.B. v. Globe Products Corp., 4 Cir. 1963, 322 F.2d § 694; International Brotherhood of Operative Potters v. N.L.R.B., 116 U.S.App.D.C. 35, 320 F.2d 757 (1963); Reserve Supply Corp. of Long Island, Inc. v. N.L.R.B., 2 Cir. 1963, 317 F.2d 785; N.L.R.B. v. Local 138, 2 Cir. 1967, 385 F.2d 874.

19. 20 C.F.R. 02.1 and 31.1.

20. The cases are collected in 101 C.J.S. Workmen's Compensation § 847, pp. 180, 181.

law for an unsuccessful contest is not only the payment in full of the award from the beginning but also attorneys' fees and other specified costs. If a carrier fails to pay an installment due without an award within the specified period of fourteen days, under specified circumstances, the carrier suffers a penalty of 10% thereof, Section 440.20(5); and if the carrier fails to pay an award within fourteen days, there may be added thereto an amount equal to 20% thereof, Section 440.20(6), F.S.1951, F.S.A. The basic philosophy of the act is to insure and secure prompt payment of compensation or other awards to the man who works for wages or his beneficiaries. This Court knows that the smaller the award of compensation, the greater is the need for the prompt payment thereof. It is common knowledge that those who work for small wages are dependent upon such wages for their immediate livelihood. Inherent in the act itself is the intention that if such an award is wrongfully withheld (and under the law it is wrongfully withheld if it be eventually determined that it should have been paid), the person or the party which should have paid it should be compelled to pay, as damages for its detention, lawful interest thereon from the date it should have been paid   .   .   ."

Parker v. Brinson Construction Company, Fla.1955, 78 So.2d 873, 875.

Under a well-settled rule, this Court should show "great deference to the interpretation given the statute by the officers or agency charged with its administration."[21]

We find the argument of the Deputy Commissioner to be sound and convincing. Accordingly, we affirm the judgment of the district court.

Affirmed.

21. Udall v. Tallman, 1965, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616; Red Lion Broadcasting Co. v. FCC, 1969, 395 U.S. 367, 381, 89 S.Ct. 1794, 23 L.Ed.2d 371; United States v. City of Chicago, 1970, 400 U.S. 8, 10, 91 S.Ct. 18, 27 L.Ed.2d 9; FDIC v. Sumner Financial Corporation, 5 Cir. 1971, 451 F.2d 898.