**CLINCHFIELD COAL COMPANY,
Petitioner,**

v.

**Sidney COX, widow of Claude Cox; Director, Office of Workers' Compensation Programs, Respondents.**

**No. 77–2207.**

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 23, 1979.

Decided Dec. 6, 1979.

**48**

Elizabeth S. Woodruff, Abingdon, Va. (J. Thomas Fowlkes, Penn, Stuart, Eskridge & Jones, Abingdon, Va., on brief), for petitioner.

S. Strother Smith, III, Abingdon, Va. (Smith, Robinson & Vinyard, Abingdon, Va., on brief), for respondent Cox.

Lee D. Richardson, U. S. Dept. of Labor, Washington, D. C. (Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Washington, D. C., on brief), for respondent Director, Office of Workers' Compensation Programs, U. S. Dept. of Labor.

Before BUTZNER, HALL and PHILLIPS, Circuit Judges.

**PER CURIAM:**

Employer Clinchfield Coal Company appeals from an order of the Benefits Review Board awarding black lung benefits, attorney's fees and interest to Sidney Cox, claimant widow of the deceased coal miner Claude Cox. The primary issue is whether a successful black lung claimant is entitled to interest on his award for any time preceding the decision awarding benefits. The Board ordered interest to be paid on monthly benefits from the dates each accrued before the date of its decision. We agree and affirm.

On April 3, 1974, claimant applied for widows' benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, 83 Stat. 742, as amended, 30 U.S.C. § 901 *et seq.* [the Black Lung Act]. Over two years later, a hearing officer found that Claude Cox had been totally disabled due to pneumoconiosis at the time of his death. Clinchfield was ordered to pay benefits, together with six percent interest on each monthly installment, from April 1, 1974.[1] The Board affirmed the award. 6 BRBS 593, BRB No. 76–315 BLA (August 31, 1977).

Clinchfield contends that the award of interest from April 1, 1974, rather than from the date of the award, amounts to a penalty on its right to contest a claim. We disagree, and believe that the interest award is properly viewed as part of the total compensation to which claimant is entitled.

The Black Lung Act incorporates by reference the claim adjudication and payment and payment provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, as amended 33 U.S.C. § 901 *et seq.*[2] Since neither statute addresses the question at issue here, we must look to the general purpose of the statutes,

---

1. Although Clinchfield characterizes the interest award as payable from the date the claim was filed, we think the rule applied by the hearing officer and Benefits Review Board, which we now approve, is that interest is computed from the dates monthly benefits became payable.

2. *See* 30 U.S.C. § 932.

**49**

and the relative obligations and equities of the parties. *See Rodgers v. United States*, 332 U.S. 371, 68 S.Ct. 5, 92 L.Ed. 3 (1947).

The longstanding practice of adding interest to past-due compensation payments under the Longshoremen's Act[3] was approved in *Strachan Shipping Company v. Wedemeyer*, 452 F.2d 1225 (5th Cir. 1972) *cert. den.* 406 U.S. 958, 92 S.Ct. 2060, 32 L.Ed.2d 344 (1972), and by this court in *Newport News Shipbuilding and Dry Dock Company v. Graham*, 573 F.2d 167, 171 (4th Cir. 1978). The *Strachan Shipping* court found that compensation is not complete in contested cases unless the award includes interest on each payment, from the date on which the payment would have been made had the claim not been controverted. Since the purpose of the Act is to provide prompt and complete payment to injured employees, the court held that an interest award is proper despite the absence of express statutory authorization.

■ This reasoning applies with equal force in black lung cases, where pre-decision delays are common. Here, claimant waited over two years for benefits, and the employer had use of the money throughout this period. We believe that the broad remedial purpose of the Black Lung Act would be frustrated if the employer were not required to pay interest.

■ We find no merit in Clinchfield's other contentions. The Board's conclusion that decedent was totally disabled due to pneumoconiosis at the time of his death is supported by substantial evidence. And the assessment of attorney's fees against the employer is expressly authorized by Section 28 of the Longshoremen's Act, 33 U.S.C. § 928, which is incorporated in the Black Lung Act. 30 U.S.C. § 932. *See Director, Office of Workers' Compensation Programs v. National Mines Corp.*, 554 F.2d 1267 (4th Cir. 1977).

AFFIRMED.

3. *See Ryan v. McKie Co.*, 1 BRBS 221, BRB Nos. 74–160, –160A (Dec. 10, 1974); *Hadel v. ITO Corp.*, 6 BRBS 519, BRB No. 76–450 (August 22, 1977).