**PEABODY COAL COMPANY and Old Republic Companies, Petitioners,**

v.

**Eldon BLANKENSHIP and Director, Office of Worker's Compensation Programs, United States Department of Labor, Respondents.**

No. 83–2399.

United States Court of Appeals, Seventh Circuit.

Argued May 29, 1985.

Decided Sept. 19, 1985.

Mark E. Solomons, Kilcullen, Wilson & Kilcullen, Washington, D.C., for petitioners.

Marc P. Weinberg, U.S. Dept. of Labor, Washington, D.C., Jeanne K. Beck, Goldenhersh Law Offices, East St. Louis, Ill., for respondents.

Before FLAUM and EASTERBROOK, Circuit Judges, and WEIGEL, Senior District Judge.*

WEIGEL, Senior District Judge.

Respondent Eldon Blankenship (the "claimant") filed for benefits with respondent Director, Office of Worker's Compensation Programs, United States Department of Labor (the "Director") under the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. (the "Act"). The Act extends benefits to those suffering total disability due to black lung disease. Claimant was awarded benefits, with interest accruing from the date he filed his claim. Petitioners Peabody Coal Company ("Peabody."), the coal mine operator liable for paying these benefits, and Old Republic Insurance Company, Peabody's insurer, bring this petition for review solely on the issue of whether claimant is entitled to prejudgment interest on his award.[1]

## I.

Claimant, a retired coal miner, filed for black lung benefits on April 6, 1977. The Department of Labor assisted him in developing evidence to support his claim. On December 11, 1978, a Department of Labor claims examiner found that claimant was eligible to receive benefits beginning April 1, 1977.[2] Peabody, claimant's former employer, was notified that it was liable for making payments, and given the opportunity to dispute the claim and submit additional evidence.

Petitioners controverted the claim and requested an informal conference before a deputy commissioner. On July 6, 1979, the deputy commissioner made an initial determination that claimant was entitled to receive benefits beginning April 1, 1977. See 20 C.F.R. § 725.420. Petitioners were instructed to commence payment within 30 days. Petitioners rejected this determination and requested a formal hearing before an administrative law judge ("ALJ").[3] After holding a hearing, the ALJ ordered Peabody to pay claimant benefits beginning April 1, 1977, and interest "from the date upon which each payment was due."

Petitioners appealed the ALJ's decision to the department of Labor's Benefits Review Board (the "Board"). In addition to challenging claimant's eligibility for benefits, petitioners argued that the ALJ erred in awarding claimant interest from April 1, 1977. They maintained that interest on claimant's award should accrue from August 5, 1979 (30 days after the deputy commissioner made his initial determination of eligibility), the date they were required to begin paying benefits. On June 10, 1983, the Board affirmed the ALJ's decision in full. Petitioners bring this petition for review of the Board's order solely on the issue of when interest on claimant's award begins to accrue. Respondent Director joins petitioners in seeking review of the Board's order.

## II.

30 U.S.C. § 932(d) provides for interest to accrue if black lung benefits are not paid

---

* The Honorable Stanley A. Weigel, Senior District Judge of the Northern District of California, is sitting by designation.

1. Petitioners state that while "[t]he amounts at issue are concededly small," the question presented "is of substantial importance to all coal operators." They estimate that "the aggregate excess cost of interest on past due benefits under the [formula used in this case] will exceed $10 million."

2. Black lung benefits are payable from "the month of onset of [a miner's] total disability." 20 C.F.R. § 725.503(b). However, because the evidence did not establish the date of onset of claimant's total disability, benefits were payable

"beginning with the month during which [his] claim was filed." Id.

3. On July 24, 1979, claimant began receiving benefits from the Black Lung Disability Trust Fund. The Trust Fund pays interim benefits to disabled miners pending an employer's litigation of a claim. See 26 U.S.C. § 9501(d); 20 C.F.R. §§ 725.420(c), 725.522(b). Petitioners were notified that if they were subsequently determined liable for the claim, they would be required to reimburse the Trust Fund for all monies paid to claimant, including interest accruing from the date the Trust Fund commenced payments. See 30 U.S.C. § 934(b)(1); 20 C.F.R. § 725.608(b).

"within the time required." The Department of Labor's regulations state that:

> If an operator or other employer fails or refuses to pay any or all benefits due under the terms of the initial determination by the deputy commissioner (§ 725.420) a decision and order filed and served by an administrative law judge (§ 725.478) or a decision filed by the Board or a United States court of appeals, ... such operator shall be liable for simple annual interest on all past due benefits computed from the date on which such benefits were due and payable....

20 C.F.R. § 725.608(a). The Director interprets this regulation to require that interest on claimant's award be computed from August 5, 1979, the date petitioners were required to begin paying benefits. The Board interprets this regulation to require that interest on claimant's award be computed from April 1, 1977, the date of claimant's eligibility for benefits. *See Kuhar v. Bethlehem Mines Corp.*, 5 B.L.R. 1–765 (March 15, 1983), *vacated in relevant part sub nom., Bethlehem Mines Corp. v. Director, OWCP*, No. 83–3226, slip op. (3d Cir. Aug. 12, 1983).

■ The Director is vested with authority to administer the Act. *See* 33 U.S.C. § 932(a); 20 C.F.R. §§ 701.201, 701.202. Courts should generally defer "to the interpretation given the statute by the officers or agency charged with its administration." *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). "When the construction of an administrative regulation rather than a statute is at issue, deference is even more clearly in order." *Jones v. Illinois Dept. of Rehabilitation Services*, 689 F.2d 724, 729 (7th Cir.1982). The Director's interpretation of section 725.608(a) is controlling "unless it is plainly erroneous or inconsistent with the regulation." *Udall*, 380 U.S. at 16, 85 S.Ct. at 801 (quoting *Bowles v. Seminole Rock Co.*, 325 U.S. 410, 413, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1945)). The Board's interpreta-

tion of the Act is "not entitled to any special deference from the courts." *Potomac Electric Power Co. v. Director, OWCP*, 449 U.S. 268, 278 n. 18, 101 S.Ct. 509, 514 n. 18, 66 L.Ed.2d 446 (1980).

■ Section 725.608(a) states that an employer is liable for interest on past due benefits "computed from the date on which such benefits were due and payable." The Board felt that benefits were "due and payable" from April 1, 1977, the date claimant was first eligible to receive them. *See Kuhar*, 5 B.L.R. at 1–778. However, while benefits were *payable* from April 1, 1977, *see* 20 C.F.R. § 725.503(b), they were not *due* until August 5, 1979, the date petitioners were required to begin making payments. *See* 20 C.F.R. §§ 725.420(b), 725.522(a). Thus, the Director's interpretation of section 725.608(a) is consistent with the language of that regulation. In contrast, the Board's position is "at odds with the plain meaning of [section 725.608(a)]." *Bethlehem Mines Corp. v. Director, OWCP*, 766 F.2d 128, 130 (3d Cir.1985).

### III.

As noted above, the Director's interpretation of section 725.608(a) may be rejected if "there are compelling indications that it is wrong." *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969). In *Kuhar*, the Board gave several reasons for rejecting the Director's interpretation of section 725.608(a).

First, the Board stated the Director's position was "clearly contrary to the statutory policy favoring full compensation for eligible claimants." 5 B.L.R. at 1–777. Prior to January 1, 1982, the Act was silent on the question of interest on past due benefits.[4] In 1981, the Act was amended to provide for interest to accrue if benefits were not paid "within the time required." Black Lung Benefits Amendments of 1981, Pub.L. No. 97–119, § 204, 95 Stat. 1635

---

**4.** However, section 725.608(a) provided for "6 percent simple annual interest on all past due benefits computed from the date on which such benefits were due and payable." 20 C.F.R. § 725.608(a) (1978) (amended 1983).

(codified at 30 U.S.C. § 932(d)). The 1981 Amendments also provided that "[w]ith respect to payments withheld pending final adjudication of liability in the case of claims filed on or after the effective date of [these Amendments], such interest shall commence to accumulate 30 days after the date of the determination that such an award should be made." *Id.* Because claimant filed his claim prior to January 1, 1982, the effective date of the 1981 Amendments, the latter provision does not control the outcome of this case. However, as Congress has seen fit to incorporate an identical interest provision in the statute, the Director's interpretation of section 725.-608(a) should be deemed consistent with the policies underlying the Act. *Cf. North Haven Board of Educ. v. Bell*, 456 U.S. 512, 535, 102 S.Ct. 1912, 1925, 72 L.Ed.2d 299 (1982); *United States v. Vogel Fertilizer Co.*, 455 U.S. 16, 31–32, 102 S.Ct. 821, 830–31, 70 L.Ed.2d 792 (1982).

Second, the Board noted that the Director's interpretation of section 725.608(a) was not "particularly helpful" since he had taken a contrary position before the Board in an earlier case. *See Honaker v. Jewell Ridge Coal Corp.*, 2 B.L.R. 1–947 (July 10, 1980), *aff'd on other grounds mem. sub. nom., Jewell Ridge Coal Corp. v. Honaker*, 649 F.2d 863 (4th Cir.1981). In *Honaker*, the Board held that interest on past due black lung benefits accrues from the date the employer is notified of the claim. The Director had urged that such interest should accrue from the date the claimant was eligible to receive benefits. However, *Honaker* was not decided under section 725.608(a), and the Director's position in that case had nothing to do with that regulation.[5] The Board has acknowledged that

*Honaker* is not controlling authority on the interpretation of section 725.608(a). *See Kuhar*, 5 B.L.R. at 1–773. The Director has not advanced inconsistent positions.

Third, the Board relied on case law developed under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (the "Longshore Act"). The analogy between the two statutes is appropriate because Congress has mandated that Longshore Act procedures be followed in administering black lung claims. 30 U.S.C. § 932(a); *see Director, OWCP v. Peabody Coal Co.*, 554 F.2d 310 (7th Cir.1977). While the Longshore Act is silent on the question of interest on past due benefits, courts have held that such interest should accrue from the date benefits were due. *See, e.g., Strachan Shipping Co. v. Wedemeyer*, 452 F.2d 1225 (5th Cir.1971), *cert. denied*, 406 U.S. 958, 92 S.Ct. 2060, 32 L.Ed.2d 344 (1972).

The Board relied on these Longshore Act decisions in awarding claimant interest from the date he was eligible to receive benefits. The Board reasoned that this was necessary to prevent petitioners from benefiting from monies claimant was entitled to receive. However, under decisions like *Strachan Shipping*, interest on past due benefits accrues from the date benefits are *due*, and not from the date a claimant is eligible to receive benefits.[6] Under the Act, benefits are due 30 days after the deputy commissioner makes an initial determination of eligibility. *See* 20 C.F.R. §§ 725.420(b), 725.522(a). It is only then that the employer profits from the unauthorized retention of a claimant's funds. The Board erred in relying on Longshore Act decisions to reject the Director's interpretation of section 725.608(a).[7]

5. The Director had urged the Board to follow the decision of the court of appeals in *Clinchfield Coal Co. v. Cox*, 611 F.2d 47 (4th Cir.1979). In *Clinchfield*, the court affirmed a Board order awarding interest from the date benefits were payable. That decision also did not involve the interpretation of section 725.608(a), and does not control the outcome of this case.

6. Under the Longshore Act, benefits are due fourteen days "after the employer has knowledge of the injury or death." 33 U.S.C. § 914(b).

7. Moreover, while an employer generally receives prompt notice of the on-the-job injuries covered by the Longshore Act, black lung symptoms may not surface until several years after a miner has been exposed to coal. An employer may not receive notice of an injury until several years after a claim has been filed. Thus, there

The Decision and Order of the Benefits Review Board, insofar as it awards claimant interest for periods prior to August 5, 1979, is vacated. The matter is remanded to the Benefits Review Board for further proceedings consistent with this opinion.

is a "fundamental difference between the injuries compensable under the [Longshore Act] and those compensable under the Black Lung Benefits Act." *Bethlehem Mines,* slip op. at 6. This difference makes it inappropriate to award prejudgment interest in black lung cases. *Id.*